**DAVIS v. JENKINS et al.**

No. 26556. Nov. 4, 1936.

Rehearing Denied Dec. 22, 1936.

Erwin & Erwin, for plaintiff in error.

Samuel A. Boorstin and Leslie W. Lisle, for defendants in error.

PER CURIAM. This is an appeal from the district court of Lincoln county; judgment for plaintiff on the pleadings, and defendant Bertha Davis, plaintiff in error, appealed. The parties will be referred to as in the lower court. The plaintiff, May Rice Jenkins, instituted the action, as assignee, for the foreclosure of a real estate mortgage executed by the defendant Bertha Davis, and her husband, William Davis. Prior to the institution of this action William Davis died, and no personal judgment was sought against his legal representatives. Edith Holland, who was also a party defendant, died after the institution of the action, and by proper proceeding the action was revived in the name of S. B. Logan, administrator of her estate. Courtland M. Feuquay, Ruth F. Feuquay, O. E. Stewart, P. D. Erwin, Walter C. Erwin, and the Texas Company, a corporation, were also made parties defendant.

The defendants Ruth F. Feuquay and O. E. Stewart filed disclaimers. Courtland M. Feuquay filed a cross-petition based upon a district court judgment of Lincoln county quieting title in him to an undivided interest in the oil and gas minerals in the real estate involved in this suit. In answer to that cross-petition, the defendant Bertha Davis pleaded that the action quieting title was being appealed to the Supreme Court of the state of Oklahoma, but did not plead that the judgment had been superseded.

On behalf of Edith Holland, a cross-petition was filed based upon a judgment foreclosing a certain mortgage on the real estate involved, rendered by the district court of Lincoln county, and in answer thereto the defendant Bertha Davis pleaded that said judgment was being appealed to the Supreme Court of the state of Oklahoma, but did not plead that the judgment had been superseded.

The Texas Company filed a cross-petition setting up a certain oil and gas lease, as against which there were no pleadings. The defendant Bertha Davis, for answer to the petition of the plaintiff, pleaded first, a general denial; second, that the plaintiff was not the owner of the note and mortgage sued on; third, that the administrator of the estate of William Davis, deceased, was a necessary party defendant; fourth, that the property involved was her homestead; fifth, that the failure to pay the note and mortgage had been occasioned by the economic and financial depression existing in this state and county, and that the land was located on a favorable structure for the production of oil and gas; and sixth, the defendant offered to pay customary crop rental to the plaintiff for the year 1935, if the cause would be continued until January 1, 1936. This answer was unverified.

The defendants P. D. Erwin and Walter C. Erwin filed the same answer as the defendant Bertha Davis, with the additional allegation that they held an attorney's contract with the defendant, and asked that the court order one-half of the interest of Bertha Davis obtained from the sale of the premises paid to them after satisfaction of the plaintiff's claim.

Thereafter, the defendant Bertha Davis filed a pleading entitled "Suggestion of Bankruptcy Proceeding," in which she alleged that a petition in bankruptcy had been filed under the Frazier-Lemke Act, being an Act of Congress of June 28, 1934, chapter 869, volume 48, Statutes at Large 1289, U. S. C. A. Title 11, section 203. Thereafter, the plaintiff filed her motion for judgment on the pleadings, which motion was sustained and judgment rendered in favor of the plaintiff and the cross-petitioners, and also adjudging the plaintiff's mortgage to be prior to the claims of the cross-petitioners.

The defendant Bertha Davis made eight assignments of error here and presented argument thereon under three propositions, the first being that an issue of fact had been raised by the pleadings and the court erred in rendering judgment; second, that the court erred in rendering judgment after the plaintiff in error had filed proceedings in bankruptcy under the Frazier-Lemke Act; and the third being that the court erred in

rendering judgment in favor of the cross-petitioners.

In the first proposition presented by the plaintiff in error, the contention is made that an issue of fact was raised by the defendant denying that the plaintiff was the owner of the note and mortgage. The plaintiff in her petition alleged "that said note and coupons attached before maturity and for a valuable consideration was sold and assigned to the plaintiff herein, who is now the owner and holder thereof, and that said real estate mortgage to secure said note and coupons was duly and legally assigned to plaintiff in this action." The plaintiff attached a copy of the note to the petition, which copy had indorsed on the back thereof, "for value received the within note with coupon attached, is hereby assigned to May Rice Jenkins without recourse," which was subscribed by the payee of the note.

The defendant contends that no allegation was contained in the petition, that the note was indorsed, and therefore section 220, O. S. 1931, did not apply, and that it was not necessary for the defendant to verify her answer. We hold that the allegations of the petition as shown above are within the terms of section 220, O. S. 1931, and shall be taken as true unless denied under oath.

The petition in this case clearly states a cause of action, and it is apparent that the allegations of the answer do not state a defense, and no issue of fact being raised, the plaintiff was entitled to judgment on the pleadings. See Acton v. Culbertson, 38 Okla. 380, 132 P. 812. Also, in regard to the denial of the defendant that the plaintiff was the owner of the note, she offered to pay crop rental to the plaintiff if a continuance was granted, and this amounted to an admission that the plaintiff was the owner of the note and mortgage and entitled to judgment.

As to the second proposition raised by the defendant, the Frazier-Lemke Act was held unconstitutional on May 27, 1935, by the Supreme Court of the United States in the case of Louisville Joint Stock Land Bank v. Radford, 295 U. S. 572, 79 L. Ed. 1594, and we therefore hold that the district court of Lincoln county had jurisdiction to render the judgment.

The defendant contends that, admitting the Frazier-Lemke Act to be unconstitutional, they have had the case in bankruptcy reinstated under the 1935 amendment to the Bankruptcy Law, which was an attempt by Congress to pass a substitute for the Frazier-Lemke Act, and that this cause should be reversed for that reason. In regard to this, nothing is properly before this court to sustain this contention, and we therefore do not pass on this point.

As to the third proposition raised by the defendant, the answers to the cross-petitions contained allegations to the effect that the judgment pleaded by the cross-petitioners was being appealed and was therefore not final. The defendant did not state that the judgments had been superseded. The answers, therefore, to the cross-petitions did not state a defense for the reason that in the absence of supersedeas the judgment was capable of being enforced and the cross-petitioners had a right to seek its enforcement. The cross-petition of the Texas Company was not denied or answered, and the court was empowered to render judgment upon all the cross-petitions as well as the petition. And even though it could be said that the lower court erred in rendering judgment upon the cross-petitions, the same would not have constituted reversible error as to the judgment rendered in favor of the plaintiff.

For the reasons hereinabove stated, the judgment of the trial court must be affirmed.

The Supreme Court acknowledges the aid of Attorneys Gordon Fuller, Streeter B. Flynn, and C. P. Harris in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Fuller and approved by Mr. Flynn and Mr. Harris, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.